## Case No. 16,947.

### The VINCENZO PEROTTO.

[8 Ben. 483.] [1]

District Court, E. D. New York.   June, 1876.

COLLISION AT SEA — SAILING VESSELS CROSSING.

1. The brig M. was sailing close-hauled on her starboard tack, heading S. by E. with the wind about S. W. She made the red light of the bark V. P. several points on her port bow. The bark was sailing N. W. and saw the red light of the M. several points on her port bow, which disappeared, and shortly afterwards the brig was seen almost directly ahead of the bark. The helms of both vessels were ported at the last moment, but the two vessels came together nearly head and head, the bark striking the brig on the port bow: *Held*, that, on the evidence, the course of the brig must have been changed by a starboarding of her helm after the light of the bark had been seen;

2. The collision was due to such change of course, and the brig was responsible therefor.

This was a suit by the owners of the brig Martha and her cargo to recover the damages occasioned by a collision between her and the bark Vincenzo Perotto, which occurred on the night of May 2nd, 1876, about a hundred miles east of Cape Hatteras. The libellants alleged that the wind at the time was about southwest by west, and the brig was sailing about south by east, close-hauled on the starboard tack; that the red light of the Perotto was seen bearing five or six points under her lee, between one and two miles distant; that the brig held her course till the Perotto was a short distance off, when the green light also came into view, whereupon the helm of the brig was put hard-a-port to avoid the collision, but the bark struck the brig on her port side, forward of the fore-rigging, sinking her in a few minutes. The claimants of the bark alleged in answer that the wind was about south-west, and the bark was heading north-west; that the red light of the brig was seen about four points on the weather bow of the bark and about three-quarters of a mile off, which indicated to the bark that the brig,

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

bound down the coast, had already passed the line of the bark's course; that that light went out of sight and no light was visible to those on the bark, who were carefully scanning the horizon with night glasses, which was probably due to a light cloud passing by and enveloping the brig, and preventing her from being seen till her sails were seen right ahead, about a ship's length distant, when the helm of the bark was at once ported, but the collision could not be avoided and the vessels came together nearly head and head; and that the collision was caused by the brig, in that she did not keep her course but put her helm to starboard, after the light of the bark was seen. The mate of the brig, when examined as a witness, testified that after seeing the light of the bark he ordered the man at the wheel of the brig to keep the sails full, which order was obeyed by the man at the wheel, but the mate also testified that that did not change the course of the brig.

W. W. Goodrich and Scudder & Carter, for libellants.

R. D. Benedict and Beebe, Wilcox & Hobbs, for claimants.

BENEDICT, District Judge. It is plain that, if the red light seen by those on the bark was the light of the Martha, the only way in which the collision could have been brought about was by a false manœuvre on the part of the brig in keeping away. That the helm of the brig was put up after the bark had been seen to leeward, is proved by every person on the brig's deck at the time; and I am free to say that I do not see how the mate can be believed, when he says that his vessel, running close-hauled under a full sail breeze, did not keep away, when not only was her helm put up but her sheets at the same time started. In such a breeze she must necessarily have fallen off. That manœuvre on her part will fully account for all that occurred, and it was a clear fault.

The only answer that has been made to this view is by the suggestion, that the red light seen to windward of the bark was not the light of the brig but of another vessel, and that the brig was not seen at all until under the bark's bows and when a collision was inevitable. But the difficulty with this suggestion is, that, if it be supposed that the red light seen from the bark was not the light of the brig, the fact that the red light of the bark was seen from the brig and to leeward, as those from the brig say, is equally conclusive to show that the collision could not have occurred as it did unless the brig was kept away.

Not only do the two men from the brig's deck say that the red light of the bark was so seen from the brig, but this is averred in the libels and must therefore be taken to be true. The conclusion, therefore, cannot be avoided, that the collision was caused by

the brig's being kept away, instead of holding her course, as it was her duty to do.

The libels are accordingly dismissed, with costs.